RICHARD D. McCUNE, State Bar No. 132124
rdm@mccunewright.com
DAVID C. WRIGHT, State Bar No. 177468
dcw@mccunewright.com
**McCuneWright LLP**
2068 Orange Tree Lane, Suite 216
Redlands, California 92374
Telephone: (909) 557-1250
Facsimile: (909) 557-1275

*Attorneys for Plaintiff and the Proposed Class*

***[LIST OF ADDITIONAL COUNSEL ON SIGNATURE PAGE]***

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOMINIC MOSCHITTI, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>SONY INTERACTIVE ENTERTAINMENT, INC., and SONY CORPORATION OF AMERICA,<br><br>                    Defendant. | Case No. 3:16-cv-6182<br><br>**CLASS ACTION COMPLAINT**<br><br>1.  Violation of the California Consumer Legal Remedies Act (Cal. Civ. Code § 1750)<br>2.  Violation of California Unfair Competition Laws (Cal. Bus. & Prof. Code § 17200)<br>3.  Violation of California False Advertising Law (Cal. Bus. & Prof. Code § 17500)<br>4.  Common Law Fraud<br>5.  Negligent Misrepresentation<br>6.  Unjust Enrichment<br>7.  Breach of Express Warranty<br>8.  Breach of Implied Warranty<br>9.  Breach of Written Warranty Under the Magnuson-Moss Warranty Act (15 U.S.C. § 2301, *et seq.*)<br>10. Violation of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code § 1790)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Dominic Moschitti, individually, and on behalf of all others similarly situated, by and through counsel, brings this action against Sony Interactive Entertainment, Inc., and Sony Corporation of America (collectively, "Sony"). Plaintiff's allegations herein are based upon personal knowledge and belief as to his own acts and upon the investigation of his counsel and information and belief as to all other matters.

## INTRODUCTION

1.      Plaintiff brings this action, individually and on behalf of a class of similarly situated owners Sony's PlayStation 4. This action arises from Sony's concealment of a material manufacturing defect that ultimately causes disc drives in the PlayStation 4 to eject in an infinite loop, rendering the disc drive useless for its intended purpose (the "Disc Drive Defect").

2.      Sony has long been aware of the defective nature of the PlayStation 4. In August 2016, Sony extended the warranty for the Disc Drive Defect in the Netherlands. Yet, notwithstanding its longstanding knowledge of this manufacturing defect and its warranty extension in the Netherlands, Sony routinely has refused to repair the PlayStation 4 without charge when the defect manifests.

3.      Many other PlayStation 4 owners have communicated with Sony's employees and agents to request that Sony remedy and/or address the Disc Drive Defect and/or resultant damage at no expense. Sony has failed and/or refused to do so.

4.      As a result of Sony's unfair, deceptive, and/or fraudulent business practices, owners of the PlayStation 4, including Plaintiff, have suffered an ascertainable loss of money and/or property and/or value. The unfair and deceptive trade practices committed by Sony were conducted in a manner giving rise to substantial aggravating circumstances.

5.      Had Plaintiff and other Class members known about the Disc Drive Defect at the time of purchase, they would not have bought the PlayStation 4, or would have paid substantially less for it.

6.      As a result of the Disc Drive Defect and the monetary costs associated with attempting to repair the Disc Drive Defect, Plaintiff and the Class members have suffered injury in fact, incurred damages, and otherwise have been harmed by Sony's conduct

7.      Accordingly, Plaintiff brings this action to redress Sony's violations of the various states' consumer fraud statutes, fraud, negligent misrepresentation, breach of implied warranty, unjust

-1-

Class Action Complaint
Case No. 3:16-cv-6182

enrichment, and for violations of the federal Magnuson-Moss Warranty Act and California's Song-Beverly Consumer Warranty Act.

**THE PARTIES**

8.      Plaintiff Dominic Moschitti is a resident of California. In or about September 2014, Plaintiff Moschitti purchased a PlayStation 4 from Amazon. In or about February 2015, the Disc Drive Defect manifested itself in Plaintiff's PlayStation 4. Defendants allegedly repaired his PlayStation and returned it to Plaintiff in February 2015. In or about October 2016, the Disc Drive Defect again manifested itself in Plaintiff's PlayStation 4. Thereafter, Plaintiff requested Defendants repair or replace his PlayStation 4, however, Defendants refused to do so and offered to repair Plaintiff's PlayStation 4 at a cost of approximately $149.00, which Plaintiff declined.

9.      Defendant Sony Interactive Entertainment, Inc., is a corporation formed under the laws of Delaware with its principal place of business located in San Mateo, California. Per its website, Sony Interactive Entertainment, Inc., "is responsible for the PlayStation brand and family of products" that "includes [the] PlayStation 4." Upon information and belief, Sony Interactive Entertainment, Inc., is a wholly-owned subsidiary of Sony Corporation of America. Sony Interactive Entertainment was formerly known as Sony Computer Entertainment of America.

10.      Defendant Sony Corporation of America is a corporation formed under the laws of the state of New York with its principal place of business located in New York, New York.

**JURISDICTION AND VENUE**

11.      This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum or value of $5,000,000, exclusive of interest and costs; there are more than 100 putative class members defined below; and there are numerous members of the proposed class who are citizens of a state different from Defendants.

12.      This Court has personal jurisdiction over Sony Interactive Entertainment, Inc., because its corporate headquarters are located in San Mateo, California, because it conducts substantial business in the District, and because a substantial part of the acts and omissions complained of occurred in the District. The Court has personal jurisdiction of Sony Corporation of America because it is authorized to

do business in this District and because a substantial part of the acts and omissions complained of occurred in the District.

13. Venue as to Sony Interactive Entertainment and Sony Corporation of America is proper in this judicial district under 28 U.S.C § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District. Sony Interactive Entertainment has its principal place of business in this District, both Sony Interactive Entertainment and Sony Corporation of America are authorized to conduct business in this District, and both have intentionally availed itself of the laws and markets within this District, do substantial business in this District, and are subject to personal jurisdiction in this District.

## GENERAL ALLEGATIONS

### A.   Sony's PlayStation 4 and the Disc Drive Defect

14. Sony's PlayStation 4 ("PS4") is a home video game console designed, developed, marketed, and sold by Defendants. The PS4 was released in North America on November 15, 2013, and retailed for approximately $400.00.

15. The PS4 was a massive success for Sony and, as of May 22, 2016, 40 million PS4s have been sold worldwide.[1]

16. The PS4s contain disc drives that allow the owner or user to insert discs and play video games and watch DVDs or Blu-rays.

//
//
//
//
//
//
//
//

---

[1] *See* http://www.sie.com/en/corporate/release/2016/160526.html (last visited Oct. 19, 2016).

17.     Instead of using a standard mechanical button to eject the contents of the disc drive, the user is required to touch a capacitive touch button located on the front of the PS4, pictured below:



18.     Capacitive buttons are based on capacitive coupling and rely on electrical currents from the human body to detect inputs. When an individual places his or her finger on the capacitive button, it causes a change in the capacitance and causes the preset command to be executed.

19.     Capacitive sensors rely on capacitors on a circuit board to measure the overall capacitance and any changes to the total capacitance. Here, an individual uses their finger to touch the capacitive eject button and the sensor converts the change in capacitance from the touch into a command instructing the PS4 to eject the contents of the disc drive.

20.     As a substitute for the feedback a mechanical switch provides, the PS4 utilizes a beeping noise when the eject sensor is activated. The volume of the beeping noise is designed to be loud so it can be heard over the sound of the audio that is playing on the television or display device.

-4-

21.     The PS4s contain a small circuit board located directly beneath the eject button that contains a gold plated chip. This chip is responsible for converting the capacitive touch inputs into a software command that ejects the contents of the disc drive. A picture of this chip is located below:



22.     Unbeknownst to consumers, the gold plated chip suffers from a manufacturing defect that causes it to misread static electricity in the air as capacitance changes that causes the disc drive to attempt to eject the contents of the disc drive in a continuous loop.

23.     The disc drive attempts to eject the contents of the disc drive regardless of whether a disc is in the drive. In addition, even if a disc is successfully ejected, the disc drive still continuously attempts to eject the contents of the empty drive because the chip is misinterpreting static electricity in the air as a change in capacitance.

24.     As noted above, when the disc drive attempts to eject the contents of the disc driver, it is accompanied by a repeated loop of audible beeps. Since the defect causes the disc drive to eject in a continuous loop, the audible beeping continues until the PS4 is manually shut down.

25.     Moreover, the PS4 can be turned on by touching the disc eject button. As such, when the Disc Drive Defect manifests itself, the PS4 will turn itself on and begin beeping in an endless loop. The only way to prevent this is to unplug the PS4's power source.

Class Action Complaint
Case No. 3:16-cv-6182

### B.   Publicly Available Complaints from PS4 Owners

26.   Plaintiff's experience is by no means an isolated or outlying occurrence. Indeed, the internet is replete with examples of blogs and other websites where consumers have complained of the exact same Disc Drive Defect.

27.   For instance, in September 2014, one of the most popular video game websites, IGN, posted an article that "addresses the common problems of a console ejecting discs on its own or the system beeping repeatedly even when no disc is present."[2] The article includes a link to a video created and disseminated by Defendants that purports to outline a fix for the problem, which consists of power-cycling the PS4. A similar article was posted by Engadget, one of the world's leading technology blogs, that contains similar information and a link to the video.[3] Unsurprisingly, power-cycling fails to remedy the defectively manufactured hardware in the PS4.

28.   On Defendants' own website, there are numerous posts complaining of the Disc Drive Defect, that date as far back as November 15, 2013, the date upon which they began selling the PS4.[4]

29.   Through pre-release testing that evaluated the PlayStation's durability, Defendants knew or should have known of the Disc Drive Defect. The Disc Drive Defect is a manufacturing defect that did or should have alerted Defendants to the fact that the capacitive sensor on the eject button suffered from a manufacturing defect.

30.   Upon information and belief, Defendants, through (1) their own records of customers' complaints, (2) their own pre-release testing, (3) warranty and post-warranty claims, and (4) other

---

[2] http://www.ign.com/articles/2014/09/12/how-to-fix-a-ps4-that-ejects-discs-unexpectedly (last visited Oct. 24, 2016).
[3] https://www.engadget.com/2014/09/11/heres-what-to-do-if-your-ps4-ejects-discs-unexpectedly/ (last visited Oct. 24, 2016).
[4] http://community.us.playstation.com/t5/Consoles-Peripherals/INFO-Issues-with-ejecting-PS4-discs/td-p/42133811/page/2 (last visited Oct. 24, 2016). Upon information and belief, there are likely many more complaints than the November 15, 2013, post. Many website owners automatically archive older online forum posts after the content becomes inactive for a certain period of time (i.e. after users stop submitting new posts). The November 15, 2013, post is still publicly accessible because users keep posting more complaints about the disc drive defect (with the most recent post in September 2016), and many posts have likely been automatically archived and are effectively unrecoverable until discovery.

1   various sources, were well aware of the Disc Drive Defect but failed to notify consumers of the nature

2   and extent of the problems with the PS4 or provide any adequate remedy.

3       31.    In response to growing reports of the Disc Drive Defect, Defendants re-designed the

4   capacitive touch buttons and replaced them with traditional mechanical switches in subsequent versions

5   of the PS4. Upon information and belief, this change was implemented on the CUH-12XXX series PS4

6   and later versions.

7       32.    In the Netherlands, Sony extended the one-year warranty on the PS4s to two years for the

8   Disc Drive Defect.[5] The warranty extension was initiated after a famous YouTube blogger experienced

9   the Disc Drive Defect, contacted Sony's customer support after the expiration of the one-year warranty,

10  and was informed by Sony's customer service representative that this was a common problem with the

11  first generation PS4, but that his only option was to pay out-of-pocket for the necessary repair.

12      33.    Despite its actions in the Netherlands, Defendants have refused to extend the warranty in

13  the United States.

14      34.    In many instances, consumers have incurred and will continue to incur expenses for the

15  diagnosis of the Disc Drive Defect and repair and replacement of their PS4s, despite such defect having

16  been contained in the PS4s when manufactured by Defendants.

17      35.    Consumers were without access to the information concealed by Sony as described

18  herein, and therefore reasonably relied on Sony's representations and warranties regarding the quality,

19  durability, and other material characteristics of the PS4s. Had consumers known of the defect, they

20  would have paid less for the PS4 than the amounts they actually paid, or would not have purchased the

21  PS4 at all.

22      **C.**    **Sony's One-Year Warranty Period is Unconscionable**

23      36.    Sony offers the following one-year warranty when a consumer purchases a PS4:

24      Sony Computer Entertainment America LLC ("SCEA") warrants to the
25  original purchaser that the PS4™ hardware, which includes components
    contained in the retail box with this hardware ("Product") will be free
26  from material defects in material and workmanship for a period of one
    year from the original date of purchase (the "Warranty Period"). This

27

28    [5] *See* http://www.playstationlifestyle.net/2016/08/11/sony-netherlands-roped-into-extending-ps4-warranty-for-launch-consoles/ (last visited Oct. 24, 2016).

Class Action Complaint
Case No. 3:16-cv-6182

warranty is valid only in the United States and Canada. IF THIS PRODUCT IS DETERMINED TO BE MATERIALLY DEFECTIVE DURING THE WARRANTY PERIOD, YOUR SOLE REMEDY AND SCEA'S SOLE AND EXCLUSIVE LIABILITY IS LIMITED TO THE REPAIR OR REPLACEMENT OF THIS PRODUCT WITH A FACTORY-RECERTIFIED PRODUCT, AT SCEA'S OPTION. For purposes of this Limited Hardware Warranty and Liability, "factory recertified" means a product that has been returned to its original specifications.[6]

37.    As stated above, there is ample evidence that Defendants have been aware of the Disc Drive Defect from widespread complaints since, at the very least, November 15, 2013; the day Sony began selling the PS4.

38.    Many PS4 owners have discovered an informal "fix" that lessens the severity and occurrence of the Disc Drive Defect. This requires individuals to open the casing of the PS4, expose the internal circuitry, and scratch the gold plate using a knife to reduce its sensitivity. There are numerous videos on YouTube and other websites instructing users how to complete this process.[7]

39.    Many individuals are hesitant to even open the casing of the PS4 because Sony contends this voids any warranties on the PS4, despite the legality of such a position being contrary to the text of Magnuson-Moss Warranty Act.  Indeed, the PS4 warranties state: "THIS WARRANTY DOES NOT APPLY IF THIS PRODUCT . . . HAS HAD THE WARRANTY SEAL ON THE PS4™ SYSTEM ALTERED, DEFACED, OR REMOVED." The warranty seal on the PS4 is designed to break if the owner opens the casing of the PS4.

40.    Consumers also reasonably expect that video game and media console will remain operable until, at the very least, the next generation of consoles are released when not subject to abuse or neglect. For instance, Sony's PlayStation 3 was released on November 11, 2006, and Sony's PS4 was released on November 15, 2013. Unlike other consumer electronics, such as laptop computers, Sony's PS4 is designed to sit on a shelf in the owner's home and is not moved on a regular basis, if ever.

41.    As such, Sony's one-year express warranty is both substantively and procedurally unconscionable. Consumers did not have the ability to negotiate the terms or length of the express

---

[6] https://www.playstation.com/en-us/support/warranties/ps4/ (last visited Oct. 24, 2016).

[7] *See, e.g.*, https://www.youtube.com/watch?v=X_0m_rDtG7U (last visited Oct. 25, 2016); http://www.gamefaqs.com/boards/691087-playstation-4/70302742?page=3 (last visited Oct. 25, 2016).

-8-

warranty and Sony concealed the Disc Drive Defect from the Plaintiff and the Class members on November 13, 2013, which is also when the first publicly available consumer complaint of the Disc Drive Defect became available, and continually after Sony's internal warranty claims showed a large number of Disc Drive Defect complaints both during and shortly after Sony's express warranty period. Upon information and belief, Sony knew of and concealed the Disc Drive Defects before these events, including at the time of sale.

## CLASS ACTION ALLEGATIONS

42.     Plaintiff brings this suit as a class action on behalf of himself and on behalf of all others similarly situated pursuant to Federal Rules of Civil Procedure, Rule 23. This action satisfies the numerosity, commonality, typicality, adequacy, predominance and superiority requirements of the provisions of Rule 23.

43.     Plaintiff seeks to represent the following "Nationwide Class":

> All persons or entities in the United States that purchased a Sony PlayStation 4.

44.     In the alternative, Plaintiff seeks to represent the following state sub-class:

> All persons or entities in California that purchased a Sony PlayStation 4 for primarily personal, family or household purposes, as defined by California Civil Code § 1791(a) (the "California Class").

45.     The Nationwide Class and California Class will be referred to collectively as the "Class."

46.     *Numerosity:* Members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members remains unknown at this time, upon information and belief, there are hundreds of thousands of putative Class members throughout the United States who are generally ascertainable by appropriate discovery.

47.     *Commonality*: This action involves common questions of law and fact, which predominate over any questions affecting individual Class members. These common legal and factual questions include, but are not limited to, the following:

> a.   Whether the PS4s suffer from the Disc Drive Defect;
>
> b.   Whether Defendants engaged in the conduct alleged herein;

-9-

c.   Whether Defendants designed, manufactured, marketed, distributed, sold or otherwise placed the PS4s into the stream of commerce in the United States knowing that the PS4s suffered from the Disc Drive Defect;

d.   When Defendants first learned of the existence of the Disc Drive Defect;

e.   Whether Defendants intentionally concealed the Disc Drive Defect in the PS4s from consumers;

f.   Whether Defendants breached the terms of its contracts with purchasers when it marketed and sold the PS4s containing the Disc Drive Defect;

g.   Whether Plaintiff and the other Class members have been harmed by the fraud alleged herein;

h.   Whether Defendants were unjustly enriched by its deceptive practices; and

i.   Whether Plaintiff and the Class are entitled to equitable or injunctive relief.

48.   *Typicality*: Plaintiff's claims are typical of those of the other Class members because, *inter alia*, all members of the Class were injured through the common misconduct described above and were subject to Defendants' unfair and unlawful conduct. Plaintiff is advancing the same claims and legal theories on behalf of himself and all members of the Class.

49.   *Adequacy of Representation:* Plaintiff will fairly and adequately represent and protect the interests of the Class in that he has no disabling conflicts of interest that would be antagonistic to those of the other members of the Class. Plaintiff seeks no relief that is antagonistic or adverse to the members of the Class and the infringement of the rights and the damages they have suffered are typical of other Class members. Plaintiff has retained counsel experienced in complex consumer class action litigation, and Plaintiff intends to prosecute this action vigorously.

50.   *Superiority:*  The class litigation is an appropriate method for fair and efficient adjudication of the claims involved. Class action treatment is superior to all other available methods for the fair and efficient adjudication of the controversy alleged herein; it will permit a large number of Class members to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of evidence, effort and expense that hundreds of individual actions would require. Class action treatment will permit the adjudication of relatively modest claims by certain

-10-

Class members, who could not individually afford to litigate a complex claim against large corporate defendants. Further, even for those Class members who could afford to litigate such a claim, it would still be economically impractical.

51.     The nature of this action and the nature of laws available to Plaintiff and the Class make the use of the class action device a particularly efficient and appropriate procedure to afford relief to Plaintiff and the Class for the wrongs alleged because Defendants would necessarily gain an unconscionable advantage since they would be able to exploit and overwhelm the limited resources of each individual Class member with superior financial and legal resources; the costs of individual suits could unreasonably consume the amounts that would be recovered; proof of a common course of conduct to which Plaintiff were exposed is representative of that experienced by the Class and will establish the right of each member of the Class to recover on the cause of action alleged; and individual actions would create a risk of inconsistent results and would be unnecessary and duplicative of this litigation.

52.     Plaintiff reserves the right to modify or amend the definition of the proposed class and subclasses before the Court determines whether certification is appropriate and as the parties engage in discovery.

53.     The class action is superior to all other available methods for the fair and efficient adjudication of this controversy. Because of the number and nature of common questions of fact and law, multiple separate lawsuits would not serve the interest of judicial economy.

54.     Individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Member resulting from Defendants' wrongful conduct are too small to warrant the expense of individual suits. The likelihood of individual Class members prosecuting separate claims is remote, and even if every Class member could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases. Individual Class members do not have a significant interest in individually controlling the prosecution of separate actions, and the individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to

the court system resulting from multiple trials of the same factual issues. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action. A class action in this matter will avoid case management difficulties and provide multiple benefits, including efficiency, economy of scale, unitary adjudication with consistent results and equal protection of the rights of each Class member, all by way of the comprehensive and efficient supervision of the litigation by a single court.

55. Notice of a certified class action and of any result or resolution of the litigation can be provided to Class members by first-class mail, email, or publication, or such other methods of notice as deemed appropriate by the Court.

56. Plaintiff does not anticipate any difficulty in the management of this litigation.

**<u>FIRST CLAIM FOR RELIEF</u>**

**VIOLATIONS OF CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT ("CLRA")**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against All Defendants)**

57. Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

58. Defendants are persons as that term is defined in California Civil Code § 1761(c).

59. Plaintiff and the Class are "consumers" as that term is defined in California Civil Code § 1761(d).

60. Defendants engaged in unfair and deceptive acts in violation of the CLRA by the practices described above, and by knowingly and intentionally concealing from Plaintiff and Class members that the PS4 is defective. These acts and practices violate, at a minimum, the following sections of the CLRA:

        (a)(2)  Misrepresenting the source, sponsorship, approval or certification of goods or services;

        (a)(5) Representing that goods or services have sponsorships, characteristics, uses, benefits or quantities which they do not have, or that a person has a sponsorship, approval, status, affiliation or connection which he or she does not have;

-12-

(a)(7)  Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

(a)(9)  Advertising goods and services with the intent not to sell them as advertised.

61.   Defendants' unfair or deceptive acts or practices occurred repeatedly in Defendants' trade or business and were capable of deceiving a substantial portion of the purchasing public.

62.   Defendants knew that the PS4 was defective, prone to failing for its essential purpose, and would become useless as a result of reasonable and foreseeable use by consumers.

63.   Defendants were under a duty to Plaintiff and the Class members to disclose the defective nature of the PS4 because:

a.     Defendants were in a superior position to know the true state of facts about the Disc Drive Defect in the PS4;

b.     Plaintiff and the Class members could not reasonably have been expected to learn or discover that the PS4 was defective and not in accordance with Defendants' advertisements and representations;

c.     Defendants knew that Plaintiff and the Class members could not reasonably have been expected to learn or discover the Disc Drive Defect in the PS4; and

d.     Defendants actively concealed and failed to disclose the Disc Drive Defect from Plaintiff and the Class.

64.   In failing to disclose the Disc Drive Defect at the time of sale, Defendants have knowingly and intentionally concealed material facts and breached their duty not to do so.

65.   The facts concealed or not disclosed by Defendants to Plaintiff and the Class members are material in that a reasonable consumer would have considered them to be important in deciding whether to purchase Defendants' PS4 or pay a lesser price. Had Plaintiff and the Class known about the Disc Drive Defect in the PS4, they would not have purchased the PS4 or would have paid less for it.

66.   Plaintiff has provided Defendants with notice of its violations of the CLRA pursuant to California Civil Code § 1782(a) and seeks injunctive relief under the CLRA. Plaintiff will amend this complaint to seek monetary damages under the CLRA at the conclusion of the 30 day notice period.

-13-

67.    Plaintiff and the other Class members' injuries were proximately caused by Sony's fraudulent and deceptive business practices.

68.    Therefore, Plaintiff and the other Class members are entitled to equitable relief under the CLRA.

**SECOND CLAIM FOR RELIEF**

**VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against All Defendants)**

69.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

70.    The California Unfair Competition Law ("UCL") prohibits acts of "unfair competition," including any "unlawful, unfair or fraudulent business act or practice" and "unfair, deceptive, untrue or misleading advertising." Cal. Bus. & Prof. Code § 17200.

71.    Defendants have engaged in unfair competition and unfair, unlawful, or fraudulent business practices by the conduct, statements, and omissions described above, and by knowingly and intentionally concealing from Plaintiff and the Class members the Disc Drive Defect (and the costs and diminished value of the PS4 as a result of Defendants' conduct). Defendants should have disclosed this information because they were in a superior position to know the true facts related to the Disc Drive Defect, and Plaintiff and Class members could not reasonably be expected to learn or discover the true facts related to the Disc Drive Defect.

72.    These acts and practices have deceived Plaintiff and are likely to deceive the public. In failing to disclose the Disc Drive Defect and suppressing other material facts from Plaintiff and the Class members, Defendants breached their duties to disclose these facts, violated the UCL, and caused injuries to Plaintiff and the Class members. The omissions and acts of concealment by Defendants pertained to information that was material to Plaintiff and the Class members, as it would have been to all reasonable consumers.

73.     The injuries suffered by Plaintiff and the Class members are greatly outweighed by any potential countervailing benefit to consumers or to competition, nor are they injuries that Plaintiff and the Class members should have reasonably avoided.

74.     Defendants' acts and practices are unlawful because they violate California Civil Code §§ 1668, 1709, 1710, and 1750 *et seq.*, and California Commercial Code § 2313.

75.     Plaintiff seeks to enjoin further unlawful, unfair and/or fraudulent acts or practices by Defendants, to obtain restitutionary disgorgement of all monies and revenues generated as a result of such practices, and all other relief allowed under California Business & Professions Code § 17200.

## THIRD CLAIM FOR RELIEF

### VIOLATIONS OF CALIFORNIA FALSE ADVERTISING LAW

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against All Defendants)**

76.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

77.     California Business & Professions Code § 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

78.     Defendants caused to be made or disseminated throughout California and the United States, through advertising, marketing, and other publications, statements that were untrue or misleading, and which were known, or which by the exercise of reasonable care should have been known to Defendants, to be untrue and misleading to consumers, including Plaintiff and the other Class members.

-15-

79.     Defendants have violated section 17500 because the misrepresentations and omissions regarding the functionality of their PS4, as set forth in this Complaint, were material and likely to deceive a reasonable consumer.

80.     Plaintiff and the other Class members have suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful, and/or deceptive practices. In purchasing the PS4, Plaintiff and the other Class members relied on the misrepresentations and/or omissions of Defendants with respect to the reliability of the PS4. Defendants' representations were untrue because the PS4 was manufactured and sold with the Disc Drive Defect. Had Plaintiff and the other Class members known this, they would not have purchased their PS4s and/or not paid as much for them. Accordingly, Plaintiff and the other Class members overpaid for the PS4 and did not receive the benefit of their bargain.

81.     All of the wrongful conduct alleged herein occurred in the conduct of Defendants' business.

82.     Plaintiff, individually and on behalf of the other Class members, requests that this Court enter such orders or judgments as may be necessary to restore to Plaintiff and the other Class members any money Defendants acquired by unfair competition, including restitution and/or restitutionary disgorgement, and for such other relief set forth below.

## FOURTH CLAIM FOR RELIEF

### FRAUD

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against All Defendants)**

83.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

84.     The misrepresentations, nondisclosure, and/or concealment of material facts made by Defendants to Plaintiff and the Class members, as set forth above, were known, or through reasonable care should have been known, by Defendants to be false and material and were intended to mislead Plaintiff and the Class members.

85.     Plaintiff and the Class members were actually misled and deceived and were induced by Defendants to purchase the PS4 which they would not otherwise have purchased, or would have paid substantially less for.

86.     As a result of the conduct of Defendants, Plaintiff, and the Class members have been damaged in an amount to be determined at trial.

**FIFTH CLAIM FOR RELIEF**

**NEGLIGENT MISREPRESENTATION**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against All Defendants)**

87.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

88.     Defendants had a duty to provide honest and accurate information to its customers so that customers could make informed decisions on the substantial purchase of a video game and media system.

89.     Defendants specifically and expressly misrepresented material facts to Plaintiff and Class members, as discussed above.

90.     Defendants knew, or in the exercise of reasonable diligence, should have known, that the ordinary and reasonable consumer would be misled by Defendants' misleading and deceptive advertisements.

91.     Plaintiff and the Class members justifiably relied on Defendants' misrepresentations and have been damaged thereby in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**

**UNJUST ENRICHMENT**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against All Defendants)**

92.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

-17-

Class Action Complaint
Case No. 3:16-cv-6182

93.     Plaintiff and the Class members conferred a benefit on Defendants by purchasing the PS4.

94.     Defendants had knowledge that this benefit was conferred upon them.

95.     Because of their wrongful acts and omissions, Defendants charged a higher price for the PS4 than the PS4's true value and Defendants obtained money which rightfully belongs to Plaintiff and the Class members.

96.     Defendants have been unjustly enriched at the expense of Plaintiff and the Class and their retention of this benefit under the circumstances would be inequitable.

97.     Plaintiff seeks an order requiring Defendants to make restitution to him and the other members of the Class.

## SEVENTH CLAIM FOR RELIEF

### BREACH OF EXPRESS WARRANTY

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against Defendant Sony Interactive Entertainment, Inc.)**

98.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

99.     Defendant Sony Interactive Entertainment provided Plaintiff and the Class members with the following express warranty: "Sony Computer Entertainment America LLC ("SCEA") warrants to the original purchaser that the PS4™ hardware, which includes components contained in the retail box with this hardware ("Product") will be free from material defects in material and workmanship for a period of one year from the original date of purchase (the "Warranty Period"). This warranty is valid only in the United States and Canada. IF THIS PRODUCT IS DETERMINED TO BE MATERIALLY DEFECTIVE DURING THE WARRANTY PERIOD, YOUR SOLE REMEDY AND SCEA'S SOLE AND EXCLUSIVE LIABILITY IS LIMITED TO THE REPAIR OR REPLACEMENT OF THIS PRODUCT WITH A FACTORY-RECERTIFIED PRODUCT, AT SCEA'S OPTION."

100.    The above express warranty became part of the basis of the bargain between Plaintiff and the Class members and Defendant Sony Interactive Entertainment.

Class Action Complaint
Case No. 3:16-cv-6182

101.    Plaintiff and the Class members presented their PS4s for repairs after the Disc Drive Defect manifested. Sony Interactive Entertainment, however, declined to remedy the Disc Drive Defect in Plaintiff's and the Class members' PS4s and thereby breached its express warranties with Plaintiff and the Class members.

102.    Plaintiff and the Class members notified Sony Interactive Entertainment of the breaches within a reasonable time, and/or were not required to do so because affording Sony Interactive Entertainment a reasonable opportunity to cure its breach of written warranty would have been futile. Sony Interactive Entertainment also knew of the defect and yet has chosen to conceal it and fail to comply with its warranty obligations.

103.    The Disc Drive Defect is a defect as defined by Sony Interactive Entertainment's express warranty.

104.    As a direct and proximate cause of Sony Interactive Entertainment's breach, Plaintiff and the Class members bought PS4s that they otherwise would not have, overpaid for their PS4s, did not receive the benefit of their bargain, and their PS4s suffered a diminution in value. Plaintiff and the Class members have also incurred and will continue to incur costs for replacement PS4s.

105.    As alleged above, the terms of Sony Interactive Entertainment's express warranty are both substantively and procedurally unconscionable. Sony Interactive Entertainment's attempt to disclaim or limit these express warranties vis-à-vis consumers is unconscionable and unenforceable under the circumstances here. Specifically, its warranty limitation is unenforceable because it knowingly sold a defective product without informing consumers about the defect.

106.    The time limits contained in Sony Interactive Entertainment's warranty period were also unconscionable and inadequate to protect Plaintiff and the Class members. Among other things, Plaintiff and Class members had no meaningful choice in determining these time limitations the terms of which unreasonably favored Sony Interactive Entertainment. A gross disparity in bargaining power existed between Sony Interactive Entertainment and Plaintiff and the Class members, and Sony Interactive Entertainment knew or should have known that the PS4s were defective at the time of sale and would fail well before their useful lives.

107.     Plaintiff and Class members have complied with all obligations under the warranty, or otherwise have been excused from performance of said obligations as a result of Sony Interactive Entertainment's conduct described herein.

108.     Plaintiff and the Class members are entitled to legal and equitable relief against Sony Interactive Entertainment, including damages, consequential damages, specific performance, attorney fees, costs of suit, and other relief as appropriate.

## EIGHTH CLAIM FOR RELIEF

### BREACH OF IMPLIED WARRANTY

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against Defendant Sony Interactive Entertainment, Inc.)**

109.     Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

110.     Sony Interactive Entertainment provided Plaintiff and the Class members with an implied warranty that the PS4 and any parts thereof are merchantable and fit for the ordinary purposes for which they were sold. However, the PS4 is not fit for its ordinary purpose as a video game and media system because it suffers from the Disc Drive Defect described herein. As such, the PS4s were incapable of playing video game discs or playing DVDs or Blu-ray movies.

111.     Sony Interactive Entertainment impliedly warranted that the PS4s were of merchantable quality and fit for such use. This implied warranty included, among other things, a warranty that the PS4s were reliable and would not experience premature failure when consumers used them in a reasonable and foreseeable manner.

112.     Contrary to the applicable implied warranties, the PS4s at the time of sale and thereafter were not fit for their ordinary and intended purpose of providing Plaintiff and the Class members with reliable video game and media systems.

113.     Sony Interactive Entertainment's actions, as complained of herein, breached the implied warranty that the PS4s were of merchantable quality and fit for such use.

//

//

Class Action Complaint
Case No. 3:16-cv-6182

**NINTH CLAIM FOR RELIEF**

**VIOLATIONS OF THE MAGNUSON-MOSS WARRANTY ACT**

**(On Behalf of the Nationwide Class or, Alternatively, on Behalf of the California Class)**

**(Against Defendant Sony Interactive Entertainment, Inc.)**

114.     Plaintiff incorporate by reference all allegations of the preceding paragraphs as though fully set forth herein.

115.     Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301 *et seq.*, in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

116.     The PS4s are consumer products as defined by 15 U.S.C. § 2301(1).

117.     Plaintiff and the Class members are "consumers" as defined by 15 U.S.C. § 2301(3).

118.     Sony Interactive Entertainment is a warrantor and supplier as defined by 15 U.S.C. § 2301(4) and (5).

119.     Sony Interactive Entertainment has failed to remedy the Disc Drive Defect, despite its knowledge and notice of the Disc Drive Defect in the PS4.

120.     Sony Interactive Entertainment expressly warranted the PS4 would be free of defects.

121.     At the time Sony Interactive Entertainment issued written warranties for the PS4, it knew and had notice that the PS4 had the propensity to premature failure caused by the Disc Drive Defect. Sony Interactive Entertainment's continued misrepresentations and omissions concerning the Disc Drive Defect, as well as its failure to abide by their own written and implied warranties, are "unfair methods of competition in or affecting commerce, and [are] unfair or deceptive acts or practices in or affecting commerce." Accordingly, its behavior is unlawful under 15 U.S.C. §§ 2310(b), 45(a)(1).

122.     Plaintiff and the Class members seek to recover damages caused as a direct result of Sony Interactive Entertainment's breach of their written and implied warranties and its deceitful and unlawful conduct. Damages include costs associated with repairing or replacing the PS4s with non-defective PS4s or other video game and media systems.

123.    The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiff and the Class members seek reformulation of Sony Interactive Entertainment's written warranty to comport with its obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiff seeks to enjoin Sony Interactive Entertainment from acting unlawfully as further alleged, including discouraging Plaintiff to seek all available remedies.

124.    The Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiff intends to seek such an award as prevailing consumers at the conclusion of the case.

<u>**TENTH CLAIM FOR RELIEF**</u>

**VIOLATIONS OF THE SONG-BEVERLY CONSUMER WARRANTY ACT**

**(On Behalf of the California Class)**

**(Against Defendant Sony Interactive Entertainment, Inc.)**

125.    Plaintiff incorporates by reference all allegations of the preceding paragraphs as though fully set forth herein.

126.    At all relevant times, Sony Interactive Entertainment was the manufacturer, distributor, warrantor and/or seller of the PS4. Sony Interactive Entertainment knew or should have known of the specific use for which the PS4s were purchased.

127.    Sony Interactive Entertainment provided Plaintiff with an implied warranty that the PS4, and any parts thereof, are merchantable and fit for the ordinary purposes for which they were sold. The PS4, however, was not fit for its ordinary purpose because, *inter alia*, the PS4ssuffered from an inherent defect at the time of sale that causes the disc drives to eject in a continuous loop, preventing the use of the disc drive. As such, the PS4 was incapable of being used for its intended purpose of playing video games and watching DVDs or Blu-rays.

128.    The PS4 is not fit for the purpose of use as a video game and media system because of the Disc Drive Defect.

129.    Sony Interactive Entertainment impliedly warranted that the PS4 was of merchantable quality and fit for such use. This implied warranty included, *inter alia*, a warranty that the PS4 was

-22-

manufactured, supplied, distributed, and/or sold by Sony Interactive Entertainment were reliable for use as a video game and media system and would not prematurely fail.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and members of the various Classes, respectfully requests that this Court:

a.      determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying one or more Classes as defined above;

b.      appoint Plaintiff as the representative of the Class or Classes and his counsel as Class counsel;

c.      award all actual, general, special, incidental, statutory, punitive, and consequential damages and restitution to which Plaintiff and the Class members are entitled, except as to Plaintiff's claim for violation of the CLRA for which Plaintiff seeks only restitution and injunctive relief, pursuant to California Civil Code § 1780, at this time;

d.      award pre-judgment and post-judgment interest on such monetary relief;

e.      grant appropriate injunctive and/or declaratory relief, including, without limitation, an order that requires Defendants to repair, recall, and/or replace the PS4s and to extend the applicable warranties to a reasonable period of time, or, at a minimum, to provide Plaintiff and Class members with appropriate curative notice regarding the existence and cause of the Disc Drive Defect;

f.      award reasonable attorneys' fees and costs; and

g.      grant such further relief that this Court deems appropriate.

DATED:  October 26, 2016.                              **MᴄCᴜɴᴇWʀɪɢʜᴛ, LLP**

                                     BY:    */s/ Richard D. McCune*
                                              Richard D. McCune
        State Bar No. 132124
        rdm@mccunewright.com
        David C. Wright
        State Bar No. 177468
        dcw@mccunewright.com
        2068 Orange Tree Lane, Suite 216
        Redlands, California 92374
        Telephone: (909) 557-1250
        Facsimile: (909) 557-1275

-23-

**MᴄCᴜɴᴇWʀɪɢʜᴛ LLP**
Joseph G. Sauder
Matthew D. Schelkopf
Joseph B. Kenney
555 Lancaster Avenue
Berwyn, PA 19312
Telephone: (610) 200-0580

Attorneys for Plaintiff and the Putative Class

### **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

DATED:  October 26, 2016.            **MᴄCᴜɴᴇWʀɪɢʜᴛ, LLP**

                            BY:     */s/ Richard D. McCune*
                                    Richard D. McCune
                                    rdm@mccunewright.com
                                    2068 Orange Tree Lane, Suite 216
                                    Redlands, California 92374
                                    Telephone: (909) 557-1250
                                    Facsimile: (909) 557-1275

Class Action Complaint
Case No. 3:16-cv-6182